GARVIE, Appellant, v. BOARD OF COUNTY COMMISSION-ERS, Respondent.

(250 N. W. 926.)

(File No. 7642. Opinion filed November 17, 1933.)

*Ernest A. Crockett,* of Yankton, for Appellant.

*Frank Biegelmeier,* State's Attorney, of Yankton, for Respondent.

PER CURIAM. There was filed in the circuit court of Yankton county a petition stating that the plaintiff is the secretary of the Yankton County Laborer's Association; that one Charles Ingols, a resident of Yankton county, died in said county on the 18th day of October, 1933; that he left no estate sufficient to pay his funeral expenses; that his widow is without means to pay these expenses; that he has no relatives or friends with sufficient means to defray the necessary expenses of burial; that application had been made to the board of county commissioners, prior to the filing of the petition, to give the body of Charles Ingols a decent burial; that the said board refused to bury the said body and threatens to send it to the University at Vermillion, S. D. The petitioner prayed that the county commissioners be directed to show cause why the body should not be buried at the expense of Yankton county, or that the commissioners proceed at once to properly care for such body and give it a decent burial. A return was filed by the chairman of the county commissioners setting forth that the body was in the possession of an undertaker in the city of Yankton; that this undertaker had prepared the same for burial; that the said undertaker made application for payment for such burial to the county commissioners; that the county commissioners communicated with the dean of the Department of Medicine of the State University, who requested that the body be sent to the university; that the county has a contract with a fraternal burial association wherein the burial association has a contract to bury all persons to be buried at public expense in Yankton county; and that the undertaker in possession of the body will not release the body until his expenses have been paid. The parties appeared before the court at a time fixed, but what, if anything, transpired at that time does not appear from this record. The court denied the application. There appears in the brief a stipulation purporting to set forth certain facts which are agreed upon by the parties. However, there appears in the

order settling the record, the following: "That the record is settled as above noted, except that stipulation of facts which was not called to the attention of the Court at the hearing, but the matter was decided on the Petition and Return; the Court finding the facts stated in each as true and there being no issue of fact therein."

Upon this kind of a record this court is asked to pass upon the correctness of the order entered by the trial court. It is too apparent for any discussion that the record is not only wholly insufficient, but that there is, in fact, no record before this court upon which to base a decision.

The order appealed from, therefore, is affirmed.

RUDOLPH, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, J., not sitting.